UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL MORGAN                                        CIVIL ACTION

VERSUS                                                NO. 21-2408

FORD MOTOR COMPANY                                    SECTION M (3)

### ORDER & REASONS

Before the Court is a motion for summary judgment filed by Ford Motor Company ("Ford").[1] Plaintiff Michael Morgan responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Ford's motion because there are disputed issues of material fact that preclude summary judgment.

**I.   BACKGROUND**

This case involves a redhibition claim. Morgan alleges that he bought a 2021 Ford Mustang Mach-E for $45,400 and that a defective glass seal caused water to leak into the vehicle.[3] He claims that the defect was hidden at the time of purchase, and he would not have bought the vehicle if he had known of the defect.[4] According to Morgan, he returned the vehicle to an authorized Ford dealership for repair on numerous occasions, but the issue was not fixed.[5] Morgan filed this suit against Ford asserting a redhibition claim under Louisiana Civil Code article 2520, seeking

---

[1] R. Doc. 20.
[2] R. Doc. 25. The motion was set for submission on June 15, 2023. R. Doc. 23. Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance to be June 8, 2023. Morgan, who is represented by counsel, filed his opposition on June 15, 2023, more than a week late. However, the Court will consider Morgan's untimely opposition.
[3] R. Doc. 1 at 1-4.
[4] *Id.* at 5.
[5] *Id.* at 4-5.

1

recission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out-of-pocket expenses, and non-pecuniary damages.[6]

## II. PENDING MOTION

Ford seeks summary judgment, arguing that the alleged defect was cosmetic and clearly visible at the time of purchase, and that Morgan made no complaints of leaking water.[7] Further, Ford argues that Morgan never asked Ford to repair a water leak in the vehicle.[8]

In opposition, Morgan argues that the vehicle had a redhibitory defect in that it was subject to recall for an issue with the windshield and panoramic roof.[9] He also claims that the Ford dealership had the vehicle for seven months for repairs of uneven roof glass, rendering it so inconvenient or useless that he would not have bought the vehicle unless it were offered at a lower price.[10]

## III. LAW & ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party

---

[6] *Id.* at 5-6.
[7] R. Doc. 20-1 at 1-3. Ford also states in the motion that Morgan's complaints relate to "aftermarket modifications made to the vehicle." R. Doc. 20 at 1. However, the arguments in Ford's memorandum, statement of uncontested facts, and evidence concerns the alleged water leak, which is clearly the focus of the motion.
[8] *Id.*
[9] R. Doc. 25 at 4-11. Morgan also argues that the motion should be denied because there was no aftermarket modification. *Id.* at 4-3. This argument is disregarded because a careful review of the motion reveals that Ford is not arguing that the vehicle had an aftermarket modification. *See* R. Doc. 20-1 at 1-3. Instead, Ford's reference to same appears to have been a mistake.
[10] R. Doc. 25 at 4-11.

who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material. *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008).  Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001).  Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual

controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Redhibition

Under Louisiana law, sellers impliedly warrant buyers against redhibitory defects, or vices, in the thing sold. La. Civ. Code art. 2520. "A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." *Id.* In this circumstance, the buyer has "the right to obtain recission of the sale." *Id.* "A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price." *Id.* This type of "defect limits the right of a buyer to a reduction of the price." *Id.* However, "[t]he seller owes no warranty for defects in the thing that were known to the buyer at the time of the sale, or for defects that should have been discovered by

a reasonably prudent buyer of such things." La. Civ. Code art. 2521.  Accordingly, a seller is liable to a buyer for a redhibitory defect when: (1) the thing the seller sold is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that had the buyer known of the defect, he or she would not have purchased it; (2) at the time of the sale, the thing sold contained a defect that was neither known nor apparent to the buyer; and (3) the seller was afforded an opportunity to repair the defect.  *See Alston v. Fleetwood Motor Homes of Ind. Inc.*, 480 F.3d 695, 699 (5th Cir. 2007).

"The degree of the seller's liability varies according to whether the seller knew of the defect.  If he did not know of the defect, the seller must have an opportunity to cure the defect, either through repair or replacement." *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 899 (5th Cir. 2010) (citing La. Civ. Code arts. 2522 & 2531).  Indeed, "[t]he buyer must give the seller notice of the existence of a redhibitory defect in the thing sold" in sufficient time "as to allow the seller the opportunity to make the required repairs."  La. Civ. Code art. 2522.  However, "[s]uch notice is not required when the seller has actual knowledge of the existence of a redhibitory defect in the thing sold." *Id.*  "A seller who knows that the thing he sells has a defect but omits to declare it … is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees."  La. Civ. Code art. 2545.  A seller that is also the manufacturer "is deemed to know that the thing he sells has a redhibitory defect." *Id.*

Here, the evidence before the Court shows that there are disputed issues of material fact regarding the nature and extent of the claimed defect, whether the customer clearly identified to Ford the defect and any issue it caused, and whether Ford was given the opportunity to, and

5

ultimately did, correct the issue (through the recall or otherwise). The GCQUIS report analysis attached to Morgan's opposition shows that the customer certainly complained of a defect with the panoramic roof glass and that Ford tried to repair it,[11] although the parties dispute whether these complaints extended to water leaks. The evidence before the Court does not definitively establish the issue was cosmetic (*i.e.*, did not affect the function of the vehicle) or was clearly visible at the time of purchase, as Ford claims. Thus, these matters remain in dispute. Further, Morgan's alleged inconvenience in not having the vehicle for seven months while the dealer looked into the issue is also in dispute. In sum, the motion, opposition, and evidence, leave too many questions at this juncture to grant summary judgment in Ford's favor.

### IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Ford's motion for summary judgment (R. Doc. 20) is DENIED.

New Orleans, Louisiana, this 22nd day of June, 2023.

                                                                                       BARRY W. ASHE
                                                                                       UNITED STATES DISTRICT JUDGE

---

[11] R. Doc. 25-4 at 1-5.